IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RICHARD BASCIANO and LOIS M. PALMER AS EXECUTORS OF THE ESTATE OF SAMUEL RAPPAPORT, DECEASED, and Derivatively on Behalf of the SAMUEL RAPPAPORT FAMILY PARTNERSHIP, | : : : : : : : : | CIVIL ACTION |
| Plaintiffs, | : : : : | |
| v. | : : : | NO. 02-CV-3752 |
| CARL CORDEK, RRR MANAGEMENT COMPANY, INC., T&W RAPPAPORT INVESTMENTS, LTD., and WIL WES RAPPAPORT, Individually and as General Partner of the SAMUEL RAPPAPORT FAMILY PARTNERSHIP and T&W RAPPAPORT INVESTMENTS, LTD. | : : : : : : : : : | |
| Defendants. | : | JURY TRIAL DEMANDED |

## ORDER

AND NOW, this _____ day of _____, 2002, upon consideration

of Defendants' motion to require the filing of a RICO case statement, and Plaintiffs' response

thereto, it is hereby ORDERED that Defendants' motion is DENIED.

BY THE COURT:

_____
BARTLE, J.

IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RICHARD BASCIANO and LOIS M. PALMER AS EXECUTORS OF THE ESTATE OF SAMUEL RAPPAPORT, DECEASED, and Derivatively on Behalf of the SAMUEL RAPPAPORT FAMILY PARTNERSHIP, | : | CIVIL ACTION |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | NO. 02-CV-3752 |
| | : | |
| CARL CORDEK, RRR MANAGEMENT COMPANY, INC., T&W RAPPAPORT INVESTMENTS, LTD., and WIL WES RAPPAPORT, Individually and as General Partner of the SAMUEL RAPPAPORT FAMILY PARTNERSHIP and T&W RAPPAPORT INVESTMENTS, LTD. | : | |
| | : | |
| Defendants. | : | JURY TRIAL DEMANDED |

PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO
DEFENDANTS' MOTION TO REQUIRE FILING OF A R.I.C.O. CASE STATEMENT

Plaintiffs Richard Basciano and Lois M. Palmer, Executors of the Estate of Samuel

Rappaport, Deceased ("Basciano," "Palmer" or collectively "Executors"), by their undersigned

counsel, hereby submit the instant memorandum of law in opposition to defendants Carl

Cordek's ("Cordek"), Wil Wes Rappaport's ("Wil"), RRR Management Company, Inc.'s

("RRR") and T&W Rappaport Investments, Ltd.'s ("T&W") (collectively "Defendants") motion

to require the filing of a RICO case statement. For the reasons set forth below, Defendants'

motion should be denied.

## I.    BACKGROUND

In life, Samuel Rappaport ("Decedent"), directly and through certain business entities, owned and operated numerous commercial real estate properties. Although involved in other businesses, real estate ownership, speculation and development were his principal endeavors. Decedent died testate on September 6, 1994, leaving his extensive property holdings to his estate (the "Estate"). Basciano, Decedent's personal friend and business associate, began serving as co-executor of the Estate in September 1994. Palmer was appointed co-executor in 1997.

The instant Racketeer Influenced Corrupt Organizations Act ("RICO") litigation arises from Executors' discovery over the last two years of, *inter alia*, multiple schemes to defraud the Estate conceived and implemented by Defendants, which include the corporation that was the agent and fiduciary in charge of managing the day to day affairs of the Estate, the owner-president and the general manager-controller of that corporation, and a partnership controlled by the individual defendants. Executors also bring pendant state law claims of fraud, conspiracy, waste and mismanagement, as well as a derivative claim for breach of fiduciary duty on behalf of a partnership - in which the Estate is a limited partner - controlled by the individual defendants.

Executors' original Complaint, over the course of 69 pages and in accordance with the pleading requirements of the Federal Rules of Civil Procedure, specifically details the aforementioned frauds and malfeasance.[1]

---

[1] Concurrently with the filing of the instant memorandum, Executors have filed a Memorandum of Law in Opposition to Defendants' Motion to Abstain, Stay or, in the Alternative, to Dismiss Plaintiffs' Complaint, as well as an Amended Complaint over the motion to dismiss.

## II.    ARGUMENT

Defendants' motion to require the filing of a RICO case statement should be denied because such a statement would serve no purpose in this case in light of Executors' detailed Complaint, and the motion is simply a ploy to delay these proceedings in order that Defendants not be forced to answer for their actions.

A RICO case statement would be pointless and unnecessary because Executors' Complaint describes in great detail the factual bases satisfying all of the requisite elements of their claims under the RICO statute, and includes most, if not all, of the information Defendants redundantly seek to compel in a RICO case statement.

For example, Plaintiffs clearly specify the provisions of the RICO statute that Defendants' unlawful conduct violates and continues to violate, namely, 18 U.S.C § 1962(c) and (d), (Compl. at 50 & 55), thus making Defendants' request that Plaintiffs re-state this information and also state whether any claims are made under other provisions of the RICO statute completely frivolous. See Defs.' Proposed RICO Case Statement Order ("Proposed Order") ¶ 1.

Further, Plaintiffs list each defendant, (Compl. at 3-6), and throughout the Complaint describe the numerous specific instances of fraud and illegality engaged in by each defendant. Id. at 27-50. The Complaint points out that those frauds and illegalities violate 18 U.S.C. §§ 1341 and 1343, constituting predicate acts under RICO. Id. at 51-52. Plaintiffs further set forth, with particularity, the specific dates and time periods of the fraudulent predicate acts, as well as the participants therein (Defendants and, in some cases, Morris Hershman, Esquire), descriptions of the facts surrounding those predicate acts, and the relationship and association of the various

3

specific defendants to each other and their participation in the fraudulent enterprise. Id. at 28-29, 31, 33, 37-38, 40-41, 44, 46-49 & Ex. 10 (specific dates); see id. at 27-50 (describing facts surrounding predicate acts, participants and participants' relationship to enterprise). Moreover, the Complaint identifies Defendants' repeated and continuous fraudulent misrepresentations, the particular defendant that made those fraudulent representations and the recipients thereof. See, e.g., id. at 29-30, 34-35, 37, 38, 40-41, 44-45, 47, 49 & Exs. 8, 14-19.

Further, the Complaint specifies the result of Defendants' conspiracy, i.e., injury to the Estate in the form of, *inter alia*, losses of millions of dollars, adverse federal income tax consequences and impending acceleration of loan payments. Id. at 30-32, 34-35, 37-39, 43, 48-49 & 50.

Thus, Executors' RICO claims fully comply with the pleading requirements of Federal Rules of Civil Procedure 8 and 9(b) and the substantive requirements of the RICO statute.

Moreover, to the extent that Defendants seek to have the Court compel Executors to set forth more detail and information than the Federal Rules require, the granting of such a request would be clearly improper. Significantly, the Second Circuit has recently held that a district court has no authority to require a RICO plaintiff to set forth much of the same information that Defendants' proposed order would have Executors' specify in a RICO case statement, including, *inter alia*, the names of the individuals, partnerships and other legal entities constituting the RICO enterprise and the identity of the alleged wrongdoers and victims.[2] Commercial Cleaning Servs., L.L.C. v. Colin Serv. Sys., Inc., 271 F.3d 374, 385-87 (2d Cir. 2001); see, e.g., Proposed Order at ¶¶ 3, 4, 5(d) & (e), 6(a) & (f), 9, 18 & 20 (seeking information unnecessary for

---

[2] Despite the implication of Defendants' motion, Executors' original Complaint and their Amended Complaint do present this information.

establishing RICO violations).  In Commercial Cleaning, the district court dismissed the

plaintiff's complaint on the basis that it failed to comply with the local Standing Order requiring

the aforementioned information.  271 F.3d at 385-86.  According to the Circuit Court, however,

such a Standing Order:

> calls for information far in excess of the essential elements of a RICO claim.  On a
> motion for summary judgment, or for judgment as a matter of law at the time of trial, a
> defendant would not be entitled to judgment because the plaintiff's evidence failed to
> include all the 'individuals, partnerships and other legal entities [that constitute] the
> RICO enterprise,' or the identities of all 'wrongdoers' and 'victims.'

Id. at 386.  Accordingly, a plaintiff cannot be compelled to present information in a RICO case

statement beyond what is needed to establish a legally sufficient case.[3]  Id.  The Commercial

Cleaning decision is particularly relevant here as Defendants utilized, and virtually copied, as

their form of RICO case statement the ten-year old model civil RICO case statement prepared by

the New York State Bar Association Commercial and Federal Litigation Section.  See N.Y. State

Bar Ass'n Commercial & Fed. Litig. Sec., The Civil RICO Case Statement 21-24 (1989),

reprinted in [1990] RICO Bus. Disputes Guide (CCH) ¶ 7453 at 10,280-81 (May 1990).  As

much of the information requested in the New York model civil RICO case statement has now

been rejected by the Second Circuit, Defendants' use and reliance on the New York form is

wholly misplaced and inappropriate.

Thus, because Executors' Complaint sets forth all of the necessary allegations to

establish a prima facie case under the RICO statute, any alleged deficiencies in that regard will

be addressed in the context of dispositive motions.  Further, because the Complaint already sets

---

[3] Although not controlling, to undersigned counsel's knowledge, neither the Third Circuit
nor any opinion from the Eastern District of Pennsylvania has questioned the holding or rationale
of Commercial Cleaning.

forth virtually all of the requested information, the filing of a RICO case statement clearly serves

no purpose, and would only delay, not advance, these proceedings.

For all of these reasons, the Court should deny Defendants' motion to require the filing of

a RICO case statement.

## III.    CONCLUSION

For the reasons set forth above, Executors respectfully request that the Court deny

Defendants' Motion to Require Filing of a RICO Case Statement.

Respectfully submitted,

John A. Guernsey, Esquire, I.D. No. 25730
Kevin Dooley Kent, Esquire, I.D. No. 85962
CONRAD O'BRIEN GELLMAN & ROHN, P.C.
1515 Market Street, 16th Floor
Philadelphia, PA  19102
(215) 864-9600
(215) 864-9620 (fax)

Thomas A. Leonard, Esquire, I.D. No. 14781
Louis B. Kupperman, Esquire, I.D. No. 22236
OBERMAYER REBMANN MAXWELL &HIPPEL, LLP
One Penn Center - 19th Floor
1617 John F. Kennedy Boulevard
Philadelphia, PA  19103-1895
(215) 665-3000
(215) 665-3165 (fax)

Dated: _August 23, 2002_               Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

I, Kevin Dooley Kent, Esquire, hereby certify that on this date I caused a true and correct copy of Plaintiffs' Memorandum of Law in Opposition to Defendants' Motion to Require Filing of a RICO Case Statement to be served by hand delivery upon the following:

> Ronald J. Shaffer, Esquire
> Fox, Rothschild, O'Brien & Frankel, LLP
> 2000 Market Street, 10th Fl.
> Philadelphia, PA  19103-3291
> Counsel for Defendants

Dated: *August 23, 2002*

*Kevin Dooley Kent*
Kevin Dooley Kent, Esquire